**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4139-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SEAN P. HILLEGASS,

    Defendant-Appellant.

_____

          Submitted June 18, 2018 — Decided July 6, 2018

          Before Judges Fisher and Fasciale.

          On appeal from Superior Court of New Jersey,
          Law Division, Cumberland County, Indictment
          No. 15-07-0548 and  Accusation No. 16-11-1007.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Daniel V. Gautieri, Assistant
          Deputy Public Defender, of counsel and on the
          brief).

          Jeffrey H. Sutherland, Cape May County
          Prosecutor, attorney for respondent (Gretchen
          A. Pickering, Assistant Prosecutor, of counsel
          and on the brief).

PER CURIAM

    After pleading guilty, defendant appeals from his convictions

for third-degree theft of movable property, N.J.S.A. 2C:20-3(a);

third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(b)(3); and second-degree possession of CDS with intent to distribute within 500 feet of a park, N.J.S.A. 2C:35-7.1(a).

On appeal, defendant argues:

> COUNT TWO OF THE ACCUSATION SHOULD BE DISMISSED BECAUSE THE STATE FAILED TO PROVE THAT THE MEMORIAL PARK [(THE PROPERTY)] IN QUESTION WAS A PUBLIC PARK WITHIN THE MEANING OF N.J.S.A. 2C:35-7.1(f).

We disagree and affirm.

The property is located in Middle Township at a local intersection. In the 1990s, the township began beautifying the area around the intersection and maintaining the property as a park. The township installed electrical service for the property, landscaped it, and decorated the property during the holidays. Initially the conceptual plan for the landscape and signage at the park referred to the property as the "Crossroads Park." But the town eventually renamed the park in honor of a long-time member of the local fire department. And the township later formally dedicated the property — through a resolution — in his name by installing a memorial plaque, a flagpole, and a park bench.

Defendant pled guilty to the 500-foot charge pursuant to N.J.S.A. 2C:35-7.1(a), which provides in pertinent part:

> Any person who violates [N.J.S.A. 2C:35-5(a)] by distributing, dispensing or possessing with intent to distribute a [CDS] . . . on or within 500 feet of the real property comprising . . . a public park . . . is guilty of a crime of the second degree.

"Public park" is defined as "a park, recreation facility or area or playground owned or controlled by a State, county or local government unit." N.J.S.A. 2C:35-7.1(f).

We review defendant's contention — concerning the legal meaning of a "public park" — de novo. State ex rel. K.O., 217 N.J. 83, 91 (2014). There is nothing unclear or ambiguous about the plain language of "public park" in N.J.S.A. 2C:35-7.1(f). By its plain language, the statute defines a "public park" as "a park . . . owned or controlled by a . . . local government unit." N.J.S.A. 2C:35.7.1(f). The township owns and controls the property, and the township designated and used it as a park for multiple years before defendant's arrest. Accordingly, the property is a "public park" under the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4139-16T4